```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
TERESA MIGDELANY, LU ANN DIPERRIO,
KIM S. HARVEY, AND ESCAPES, INC.,

                    Plaintiffs,              11-CV-6405
            v.                           **DECISION AND ORDER**

AMERICAN AIRLINES CORPORATION

                    Defendant,
_____
```

## **INTRODUCTION**

*Pro se* Plaintiffs, Teresa Migdelany ("Migdelany"), Lu Ann DiPerrio ("DePerrio"), Kim S. Harvey ("Harvey"), and Escapes, Inc. (collectively, "Plaintiffs"), bring this action for, *inter alia*, breach of contract against Defendant, American Airlines Corporation ("Defendant" or "American"). Plaintiffs allege that the Defendant "abandoned" Migdelany, DiPerrio and Harvey in a foreign country by refusing to offer assistance to them after they mistakenly arrived at the wrong airport for their departure from South America. Defendant moves for summary judgment contending that the Plaintiffs have not established a claim for breach of contract, that any claims relating to the alleged mistreatment of Migdelany, DiPerrio and Harvey by American employees are barred by the Airline Deregulation Act of 1978, and that the claims by Escapes, Inc. should be dismissed based on its failure to retain corporate counsel. For the reasons set forth herein, Defendant's motion for summary judgment is granted.

## BACKGROUND

The following facts are taken from the Defendant's Local Rule 56(a) Statement (Docket No. 28)[1] and the entire record. Migdelany, DiPerrio and Harvey contracted with American to fly to South America in connection with a group trip arranged by Escapes, Inc. Migdelany, DiPerrio and Harvey were added to the group after the original group reservation was made with American, and Migdelany, DiPerrio and Harvey departed from Boston rather than New York City, which was the departure city of the original group. The contract with the original group states that they were to depart from New York and land in Rio De Janeiro on March 13, 2011. The original group would then depart from Buenos Aires and return to New York on March 25, 2011. Migdelany, DiPerrio and Harvey's reservation, however, was to depart from Boston on March 13, 2011, land in Rio De Janeiro, and then depart from Rio De Janeiro again on March 25, 2011. Plaintiffs were unaware that the reservations for the original group and Migdelany, DiPerrio and Harvey were different until they arrived at the Buenos Aires airport to depart to South America. Plaintiffs acknowledge that a mistake was made in making the reservations, but the mistake was not noticed until Migdelany, DiPerrio and Harvey attempted to depart from Buenos Aires when they

---

[1] Although Plaintiffs were notified of the requirements of Local Rule 56(a), they have failed to file an opposing statement of facts. (Docket No. 30, "*Notice to Pro Se Litigant who Opposes a Motion for Summary Judgment*".) However, this Court has reviewed the record to confirm that the facts contained in the Defendant's statement are undisputed.

were scheduled to depart from Rio De Janeiro. Escapes, Inc. was responsible for making the reservations and signed the contract with American which included the differing departure locations for the original group and Migdelany, DiPerrio and Harvey.

When Migdelany, DiPerrio and Harvey arrived at the airport in Buenos Aires for their return flight home, American was unable to place them on the same flight as the original group. Indeed, because of a problem American was having in Miami, Florida, all of its flights from Buenos Aries to the United States were completely booked for several days. American offered to reschedule Migdelany, DiPerrio and Harvey on a flight later in the week, but informed them that they could not get them home for at least a few days. Migdelany, DiPerrio and Harvey testified that the ticket agent was unwilling to help them in their attempt to return to the United States that day and that he did not offer any assistance (for example, finding them a hotel) in the event that they had to remain in Buenos Aires until a flight to the United States was available on American. He told them that they were listed as "no shows" on their reserved return flight from Rio De Janeiro and that they could seek out another airline to return home that day, as American did not have any flights to offer. Migdelany, DiPerrio and Harvey allege that the ticket agent was rude to them. Rather than wait for a return flight on American, Migdelany, DiPerrio and Harvey paid for another flight home that day on Delta Airlines.

Plaintiffs contacted American several times following the group trip. While American insisted that it provided Migdelany, DiPerrio and Harvey with the travel they requested, and that it was not American's fault that Migdelany, DiPerrio and Harvey did not realize that they were scheduled to depart from Rio De Janeiro, American nonetheless, as a courtesy, refunded Migdelany, DiPerrio and Harvey approximately $596, which was the value of the unused portion of their airfare.

## DISCUSSION

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. See Scott v. Harris, 550 U.S. 372, 379 (2007) (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587.).

A. Escapes, Inc.

In an order dated October 11, 2012, Magistrate Judge Marian W. Payson granted attorney Thomas A Rohr's motion to withdraw as counsel for the Plaintiffs. In that order, Judge Payson advised Escapes, Inc. that a corporation could not proceed *pro se* and she

warned that the failure by Escapes, Inc. to retain counsel by November 9, 2012 "may result in the dismissal of claims brought by it against defendant in this case." (Docket No. 17.) As of the date of this Decision and Order Escapes, Inc. has failed to retain an attorney and it has not responded to the instant motion. Accordingly, the claims brought by Escapes, Inc. are hereby dismissed with prejudice. See Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967)("[I]t is settled law that a corporation cannot appear other than by its attorney.").

B. Breach of Contract

Plaintiffs allege that American "abandoned" Migdelany, DiPerrio and Harvey in a foreign country, that an American employee failed to assist them in securing alternate travel or accommodations, and that American failed to fully reimburse them for their losses after they were forced to purchase a ticket from Delta Airlines to return to the United States on March 25, 2011. Based on these facts, Plaintiffs allege a breach of contract.

It is undisputed that the contract signed by Escapes, Inc. on behalf of Migdelany, DiPerrio and Harvey provided that they would travel to and from Rio De Janeiro. Plaintiffs failure to confirm their itinerary prior to arriving at the airport in Buenos Aires does not constitute a breach of contract on the part of American. See Fondo v. Delta Airlines, Inc., 2001 WL 604039, *3 (S.D.N.Y.

2001). American not only complied with the terms of the contract by providing air travel to Migdelany, DiPerrio and Harvey from Boston to Rio De Janeiro and by booking seats for them on a return flight from Rio De Janeiro, they reimbursed Plaintiffs for the unused portion of their airfare, although the contract did not require them to do so. The fact that Plaintiffs purchased a ticket to the United States from Buenos Aires on Delta Airlines is not relevant to American's performance of its obligations under the contract. Therefore, Plaintiffs' breach of contract claim is dismissed with prejudice.

### C. Airline Deregulation Act of 1978

Pursuant to the Supreme Court and Second Circuit's interpretations of the Airline Deregulation Act of 1978 ("ADA"), certain tort actions that are directly related to airline services are preempted by the ADA and must be dismissed. See Morales v. TWA, 504 U.S. 374, 378, (1992); Abdu-Brisson v. Delta Airlines, Inc., 128 F.3d 77, 81 (2d Cir.1997). Courts in the Second Circuit have held that claims relating to airline services during boarding procedures, including that airline employees acted in a rude or unprofessional manner, are preempted by the ADA. See e.g. Galbut v. American Airlines, Inc., 27 F.Supp.2d 146, 152-3 (E.D.N.Y. 1997). Accordingly, the Court finds that Plaintiffs' claims that the American employee in Buenos Aires refused to assist them in acquiring alternate travel or accommodations and that he was rude

and/or unprofessional directly relate to the services provided by American and are preempted by the ADA. Therefore, Plaintiffs' tort claims are dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein, Defendant's motion for summary judgment is granted. Plaintiffs' claims are dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        S/ MICHAEL A. TELESCA
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    Rochester, New York
           August 15, 2013